IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**J.M. et al.**,

        Plaintiffs,

v.

**KARLA MAJOR**, in her individual capacity, **et al.**,

        Defendants.

No. 6:18-cv-00739-YY

OPINION AND ORDER

**MOSMAN, J.,**

On October 2, 2018, Magistrate Judge Youlee Yim You issued her Findings and Recommendation (F&R) [37], recommending that the State Defendants' Motion to Dismiss [24] should be GRANTED. Plaintiffs filed Objections to the F&R [43] and the State Defendants filed a Response to the Objections [47].

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal

1 – OPINION AND ORDER

conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Plaintiffs bring a variety of claims arising out of alleged physical and sexual abuse by their foster parents. Some of these claims (Claims Eight, Eleven, Twelve, and Thirteen) are brought against what are collectively called the State Defendants. These defendants move to dismiss Claim Eight for failure to adequately allege standing to seek injunctive relief. They move to dismiss Claims Eleven, Twelve, and Thirteen because the exclusive remedy for the harms alleged therein lies in the Oregon Tort Claims Act, not the Vulnerable Persons Act (VPA) (Or. Rev. Stat. § 124.100).

The F&R recommends dismissal of Claim Eight with leave to replead and dismissal of Claims Eleven, Twelve, and Thirteen with prejudice.

Plaintiffs object. Beyond rehashing the arguments addressed in the F&R, Plaintiffs argue that the F&R erroneously accepts the mistaken assumption that the acts which purportedly subject the individual State Defendants to liability under the VPA were done within the course and scope of their state employment. But there is no mistake. The Complaint specifically alleges each individual State Defendant was an Oregon Department of Human Services employee acting in the course of his or her state employment. These allegations at the beginning of the Complaint are specifically re-incorporated into the claims alleging violations of the VPA.

## CONCLUSION

Upon review, I agree with Judge You's recommendation and I ADOPT the F&R [37] as my own opinion. The State Defendants' Motion to Dismiss [24] is GRANTED. Plaintiffs' request for equitable relief in Claim Eight is dismissed without prejudice and with leave to amend within fourteen (14) days of this Order. Plaintiffs' Claims Eleven, Twelve, and Thirteen are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 24 day of January, 2019.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge