Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| J.M., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KARLA MAJOR, et. al., <br><br> Defendants. | CASE NO. 6:18- CV-00739 - YY <br><br> **PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION COUNTY DISTRICT ATTORNEY'S OFFICE** <br><br> (*Oral argument requested*) |

## INTRODUCTION

Plaintiffs move for an order compelling the Marion County District Attorney (MCDA) to produce case files, victim's rights materials, communications and grand jury recordings relating to Plaintiffs, the Millers and/or other children placed in their foster home. The motion is based on Fed. R. Civ. P. 26(b), 37(a) and 45(d)(2)(B)(i), the Declaration of Mary Skjelset ("Decl.") and exhibits attached thereto, and the following points and authorities.

## LR 7-1 CERTIFICATION

Counsel for Plaintiffs and MCDA have made good faith efforts to confer via e-mail and telephone to resolve the dispute, but have been unable to do so.

1 - PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION COUNTY DISTRICT ATTORNEY'S OFFICE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

## BACKGROUND

*Factual Summary*

Plaintiffs are minor children who assert civil rights violations and personal injury claims against individual actors and the State of Oregon DHS, alleging significant and repeated acts of physical and sexual abuse and neglect while in state-sponsored foster care. Compl. ECF 95 ¶¶49-70. The MCDA is responsible for developing the multidisciplinary child abuse team in Marion County, Oregon (the "MDT"). In relevant part, the Marion County MDT consists of law enforcement personnel (including Keizer Police Department), the Oregon Department of Human Services ("DHS") child protective services workers, and workers from Liberty House, a child abuse intervention center. *See* ECF 53 at p. 3 ("The parties do not dispute that Liberty House, DHS, and [MCDA] are member of the multidisciplinary team"); *see also* ORS 418.747. The MDT meet and discuss issues pertaining to child abuse investigations. Skjelset Decl. Ex. 1. Participants review and share documents and information. *See e.g.,* Liberty House Reply, ECF 49 at p. 4 ("records received by Liberty House from Oregon DHS or from the District Attorney's office can be requested from DHS and from the DA. . . .").

In connection with the its role in the MDT's child abuse investigation and prosecution of Casey Miller, Plaintiffs allege that DHS waived R.L.'s constitutional victim's rights (by using its authority as her legal guardian) and exerted control over the investigation to protect itself and the Millers, not R.L. or the other children in the home. Plaintiffs allege that DHS, with a monopoly of the information contained in its child welfare files, claimed falsely that there was no known injury that preceded R.L.'s multiple fractures and led certain medical providers to believe that the fractures were caused by osteogenesis imperfecta or "brittle bone disease," i.e., a genetic, non-traumatic cause. *Id*. at ¶¶78-81. Accordingly, who knew what, and when, at the MCDA is relevant to Plaintiffs' claims.

*Plaintiffs' Subpoena to MCDA*

On October 23, 2018, Plaintiffs served a subpoena on the MCDA that requested documents and information, including case files, communications, and recordings of grand jury proceedings

2 -   PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION
       COUNTY DISTRICT ATTORNEY'S OFFICE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

relating to the Millers, the Plaintiffs and other children in the home. Decl., Ex 2. The MCDA did not object to the subpoena or seek a protective order. Instead, the MCDA only produced copies of prosecution files regarding R.L. and A.S. and accompanying police reports and other records within the timeframe specified.

Subsequent discovery of third-parties revealed that the MCDA production was far from complete. For instance, limited emails supplied to date by Liberty House indicate that MCDA prosecutor Kurt Miller was invited to a Sensitive Issue Committee staffing regarding J.M. in June 2012, in which Melissa Miller was expressly listed as the "person of concern" regarding allegations of "physical abuse." Decl., Ex. 3. MCDA failed to provide this email, its attached agenda (referencing J.M.) and any notes, memoranda or other indicia of the allegations. Similarly, Plaintiffs learned that the MCDA had subpoenaed OHSU for records relating to R.L.'s evaluation and testing for "brittle bone disease." Decl., Ex. 4. The OHSU records show that the hospital in fact sent R.L.'s medical records to the MCDA in response to the subpoena. Decl. Exs. 5, 6. However, R.L.'s OHSU medical records were not produced by MCDA. Decl. ¶8. Finally, responsive documents provided by Keizer Police Department contained an authorization from MCDA to destroy evidence derived from the investigation of R.L., signed by DDA Fischer, who prosecuted Miller in the criminal case involving A.S. as victim.[1] This too was not produced by the MCDA. Decl., Ex. 7.

Realizing these gaps in discovery, Plaintiffs began contacting the MCDA and their counsel in early April 2019 to request a complete response to the October 2018 subpoena. Plaintiffs supplied search terms for the communications and other ESI sought in the subpoena on May 10,

---

[1] Plaintiffs learned in late March 2019 that the MCDA had consented to the Keizer Police Department's destruction of important physical evidence relating to the investigation of R.L.'s injuries, notwithstanding both organization's notice and knowledge that the undersigned was representing Plaintiffs. This evidence included vital cell phone extraction data that police had downloaded from cell phone devices possessed by both Melissa and Casey Miller that would have contained records of calls and text messaging between and among the Millers and DHS caseworkers and others. The evidence also included photographs of injuries to J.M., a video of the Miller foster home, recordings of contemporaneous interviews of the Millers, and the pack n' play device in which R.L. slept while in the Miller home. Decl., Ex. 8, 9. The MCDA has not explained the reasons or bases for the destruction.

3 -   PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION
      COUNTY DISTRICT ATTORNEY'S OFFICE

2019. Decl., Ex. 10. On June 19, 2019, the MCDA produced some victim assistance notices, but admitted that additional requested materials remain unproduced. Decl., Ex. 11. To date, the MCDA has not produced the requested additional documents, communications or the grand jury notes and recordings. Decl. ¶14.

## STANDARDS

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," regardless of ultimate admissibility. Fed. R. Civ. P. 26(b)(1). "Relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Wilson v. Decibels of Ore., Inc.*, 2017 US Dist. LEXIS 11302, at *6 (D. Or Jan. 26, 2017) (internal quotations and citations omitted). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." *See* Fed. R. Civ. P. 45, Advisory Committee notes (1970).

## ARGUMENT

*Items 1 &2: The complete, unredacted case files for Case No. 13C46342 (R.L.) and Case No. 17CR22495 (A.S.)*

Plaintiff's subpoena, which was was duly served on the MCDA on October 23, 2018, requested production by November 9, 2018. Decl., Ex. 2 at p. 2. The MCDA did not make any objections in response thereto under Fed. R. Civ. P. 45 or seek a protective order.[2] Rather, the MCDA produced incomplete documents and no electronically stored information ("ESI"). Decl., Ex. 12. The MCDA's case files for R.L. and A.S., relate to the investigation and prosecution of Casey Miller and contain communications, documents, evidence and information relating to contacts and correspondence between and among MDT members.

Plaintiffs seek the Court's assistance (i) to compel the MCDA to produce the complete, unredacted case files or, in the alternative, some explanation for why this production has not

---

[2] *See* Fed. R. Civ. P. 45(d)(2)(B) (a person commanded to produce documents or ESI in a subpoena must serve objections before the earlier of the time specified for compliance or 14 days after the subpoena is served); *see also Gorrell v. Sneath*, 292 FRD 629, 632 (ED Cal 2013) (upon timely objection, a party or person resisting discovery has the burden to show that discovery should not be allowed). The Court should conclude that the MCDA's failure to object constitutes a waiver.

4 -   PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION
       COUNTY DISTRICT ATTORNEY'S OFFICE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

occurred to date, and any documents relating to the above-referenced destruction of evidence. The timing of the MCDA's receipt of communications, documents and information is critical to ascertaining who on the MDT knew what, and when. The production to date shows that the MCDA acquired and/or received documents and information from DHS, such as the child abuse assessment summaries regarding Plaintiffs A.S., J.M. and R.L., but there is no record or other indicia showing when and how those materials were received, distributed or reviewed.

The MCDA should be compelled (ii) to produce documents and information identifying who provided records such as DHS child abuse assessments, case notes, medical records, etc., indicia of how such records were provided, i.e., delivery, e-mail and secure messaging e-mail, or fax, and when the records were provided. Stated differently, the MCDA should not be permitted to arbitrarily withhold this evidence "without objection" and thereby sidestep the creation of a privilege log. For instance, the MCDA should be not be permitted to arbitrarily withhold information showing that records prepared by third parties were provided (or handed over) during or in connection with an MDT meeting(s), or that some other medium, such as the use of secure messaging exchanges, accounts for the provision.

In addition, the MCDA should be compelled (iii) to produce all of its notes and memoranda pertaining to its charging recommendations and decisions, particularly where Plaintiffs allege that DHS sought to influence Miller's prosecution by suggesting brittle bone disease as the cause for R.L.'s multiple fractures and where the evidence shows that Miller received a light sentence for his severe beating of an infant.

*Items 3-6; 11-21 Communications, contacts and correspondence between and among the MCDA and various persons/entities relating to the Millers, the Plaintiffs and other children in the Miller home*

In sum, the subpoena requests communications, contacts and correspondence between the MCDA and the following:

- Adoptive parents, biological and foster parents of children identified as victims (Item 3), other children who resided in the Miller home (Items 4-5);
- DHS employees pertaining to R.L. (Items 6, 11) and charging decisions and prosecution of the Millers (Items 15-17);

5 -   PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION
      COUNTY DISTRICT ATTORNEY'S OFFICE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

- Medical providers and other individuals from the hospitals and medical facilities where R.L. was assessed, evaluated and/or treated (Items 12-14);
- Keizer Police Dept. and/or Liberty House that relate to Plaintiffs and/or the Millers (Items 18, 11-21). *See* Decl., Ex. 2.

These requested communications are key. Plaintiffs supplied search terms on May 10, 2019, but it appears that the MCDA has not conducted a search of its e-mail system, and has not produced documents. Decl.¶14. The MCDA couched this refusal in terms of needing to identify and understand the search logic, while simultaneously declining Plaintiffs' requests to have the IT counterparts work together to ensure a targeted search. Decl., Ex. 12. The MCDA's purported justification for its failure to perform the search is unpersuasive and it impairs the ability of Plaintiffs to discover the extent that the MDT had notice of the abuse in the Miller foster home.

Relatedly, the MCDA has refused to produce any documents that relate to children other than the named plaintiffs. Notwithstanding the terms of the subpoena to which the MCDA failed to object or seek a protective order the MCDA concludes arbitrarily (and presumably based on state law) that it can simply refuse to conduct the search – unless and until Plaintiffs provide the MCDA with an acceptable form of release from the parent or guardian of the other children in the Miller home. *Id*. The MCDA has not provided supporting authority.

During the parties' several conferrals, the MCDA has deflected that the Court's Protective Order (ECF 96) insufficiently covers the production of documents and information regarding non-parties, and would not engage regarding the preparation of a separate or more "targeted" form of order specific to the MCDA. Nor was counsel persuaded by the Court's opinion (ECF 53) discussing the primacy of federal discovery over state law confidentiality provisions and the Court's denial of the motion to quash filed by co-MDT member, Liberty House. Decl., Ex. 13. The MCDA's recalcitrance forces Plaintiffs to move to compel.

*Item 10: All recordings of any grand jury proceedings, testimony or statements that pertain to Casey Ray Miller and/or Melissa Miller*

On May 14, 2019, the MCDA agreed to inquire as to the existence and whereabouts of any form of grand jury recording relating to the Millers. Decl., Ex. 14. But, there is still no news. Consistent with its approach to the subpoena, counsel will not confirm whether such records exist

6 -   PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION
       COUNTY DISTRICT ATTORNEY'S OFFICE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

and, if so, either produce them or create a privilege log. Based on review of the MCDA's limited production to date, a grand jury heard testimony from Mrs. Miller and Keizer Police Detective Edsall on October 28, 2013 (relating to R.L.'s multiple fractures). Separately, a grand jury heard testimony from Keizer Police Detective Phelps on April 6, 2017 (relating to A.S.'s repeated sex abuse). Decl. of Counsel, Ex. 15, Ex. 16.

These witnesses were called by the MCDA and their testimony bears on what the MCDA knew (or was told by its MDT members, including DHS) and what evidence it chose to present and/or withhold from presentation. The MCDA has proffered no authority to support its delay or withholding of this evidence from Plaintiffs in this federal civil rights action. Decl., Ex. 12. However, even under Oregon law, grand jury recordings may be disclosed "for the purposes of ascertaining whether it is consistent with that given by the witness before the court." Or. Rev. Stat. 132.220(1). Plaintiffs' ability to depose grand jury witnesses will be impaired by not having these recordings. This is especially prejudicial when the statements remain in the custody of the MCDA – which is the key member and organizer of the MDT that is associate with the inexplicable destruction of the Millers' cell phone extraction data that would have revealed all of their calls and texts with DHS caseworkers, and other witnesses. The requested grand jury materials should be produced.

## CONCLUSION

The court should grant Plaintiff's Motion to Compel.

Dated: October 18, 2019.

                                                        RIZZO MATTINGLY BOSWORTH PC

                                                        By:    */s/Mary Skjelset*
                                                               Steven Rizzo, OSB No. 840853
                                                                Mary D. Skjelset, OSB No. 075840
                                                                Rizzo Mattingly Bosworth PC
                                                               1300 SW Sixth Avenue, Suite 330
                                                               Portland, OR 97201
                                                               Tel: (503) 229-1819
                                                               Fax: (503) 229-0630
                                                              ATTORNEYS FOR PLAINTIFFS

7 - PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION COUNTY DISTRICT ATTORNEY'S OFFICE

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| J.M., *et. al.*, <br><br> Plaintiff(s), <br><br> v. <br><br> KARLA MAJOR, *et. al.*, <br><br> Defendant(s). | CASE NO. 6:18-CV-00739-YY <br><br> **CERTIFICATE OF SERVICE** |

I am employed by the law firm of Rizzo Mattingly Bosworth PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof **PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THE MARION COUNTY DISTRICT ATTORNEY'S OFFICE** in the following manner unless otherwise indicated.

**VIA ECF**

James S. Smith
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
james.s.smith@doj.state.or.us
*Of Attorneys for State Defendants*

Jill Schneider
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
jill.schneider@doj.state.or.us
*Of Attorneys for State Defendants*

Elleanor Chin
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
elleanor.chin@doj.state.or.us
*Of Attorneys for State Defendants*

Dated this 18th day of October, 2019.

*s/Heather Wettlaufer*
Heather Wettlaufer, Paralegal