Steven Rizzo, OSB No. 840853
Mary D. Skjelset, OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Avenue, Ste. 330
Portland, OR 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
srizzo@rizzopc.com
mskjelest@rizzopc.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| J.M., et al., <br><br>  Plaintiffs, <br><br> v. <br><br> KARLA MAJOR, et. al., <br><br>  Defendants. | CASE NO. 6:18- CV-00739 - YY <br><br> **PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]** <br><br> (*Oral argument requested*) |

## INTRODUCTION

For the reasons set forth herein, the Court should deny the motion filed by Marion County Jail ("the MCJ"), dated November 1, 2019, to quash Plaintiffs' subpoena that was served on June 14, 2019. This Response is based on Rule 26, Rule 45 and the pleadings and papers on file, and Plaintiffs incorporate by reference their Motion to Compel MCJ and the supporting Declaration and their Reply.

## BACKGROUND

Mr. Armstrong represents both the Marion County District Attorney (the "MCDA") and

1 - PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

the MCJ. Mr. Armstrong was made aware of the Court's Protective Order on May 14, 2019, then in connection with Plaintiffs' attempts to obtain discovery from the MCDA. (ECF 113, Ex. 14).

On June 14, 2019, Plaintiffs served their subpoena to the MCJ. The subpoena contains seven (7) requests which, in summary, seek as follows: Items 1-2 seek Documents showing who met with Miller during his confinement at the MCJ – on two separate occasions – between October 20, 2013 (in connection with his abuse of R.L) and September 30, 2017 (in connection with his sexual abuse of A.S); Items 3-4 seek the MCJ's recordings of Miller's calls; Items 5-6 seek copies of Miller's letters and correspondence; and Item 7 seeks Miller's medical and psychological assessments. The designated response time was July 5, 2019. (*See* Ex. 2, Decl. of Counsel in Support of Mot. to Compel MCJ, (ECF 111)). The MCJ did not serve any objections within 14 days after service and otherwise failed to produce any documents by the designated response date.

After Plaintiffs initiated attempts to follow up with the MCJ, Marion County Counsel, Mr. Armstrong, left a voice mail message with a paralegal in the undersigned's office on or about September 12, 2019. He stated that he was going to object to Plaintiffs' subpoena regarding Miller's recorded calls and his medical and psychological records. Mr. Armstrong also mentioned the filing of a motion to quash the subpoena. Plaintiffs requested that Mr. Armstrong confer in advance of filing any motion. (ECF 111, Ex. 3). Mr. Armstrong did not respond to this request.

On October 14, 2019, Plaintiffs wrote in follow-up to Mr. Armstrong's e-mail and he responded by e-mail dated October 15, 2019. *See* (ECF 111, Ex. 5) Counsel repeated that he would provide "the jail records" (which still had not been produced), but refused to "turn over" the MCJ's telephone recordings. Mr. Armstrong claimed that production of the recordings – which were consensually recorded[1] – would violate the Electronic Communications and Privacy Act of 1986, 18 USC §§ 2510-2522. He did not specify which section or subsection of the Act he was relying upon. Mr. Armstrong also stated that "[o]f equal importance" was "ORS 192.245(23)," which according to his review, "treats the records as not disclosable" because they "would reveal or

---

[1] *See* Decl. in Support of Reply to Response to Mot. to Compel MCJ, Ex. 1.

2 - PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

otherwise identify security measures. . . ."[2] He also asserted that it "should be obvious" that "HIPAA and Oregon protections" prohibited the MCJ from "turning over" Miller's medical and psychological assessments. (ECF 111, Ex. 5).

On October 18, 2019, Plaintiffs filed their Motion to Compel against the MCJ. (ECF 106).

On November 1, 2019, the MCJ filed this Motion, and it filed a Response to Plaintiff's Motion to Compel MCJ. (ECF 114). Neither the Motion nor the Response contains a Declaration to explain the delay or any privilege log.

## RESPONSE

*Waiver*

Under Fed. R. Civ. P. 45(c)(2)(B), a nonparty served with a subpoena duces tecum may make objections to the subpoena duces tecum within 14 days after service, or before the time for compliance, if less than 14 days. A Motion to quash under Rule 45(d)(3)(A)(iii) is required to be filed in a "timely" fashion, which means before the compliance date designated in the subpoena. *See, e.g.*, *N. Am. Co. for Life & Health Ins. v. Philpot,* 2010 U.S. Dist. LEXIS 124577, at *6-7 (S.D. Cal. Nov. 24, 2010). Plaintiffs' subpoena was served on June 14, 2019. The MCJ was therefore required to comply or object within 14 days, or June 28, 2019. The MCJ's only "response" was a voice mail that Mr. Armstrong left with counsel's paralegal on September 12, 2019, which is 76 days after the June 28 deadline. The MCJ did not file the Motion to Quash until November 1, 2019, which is 126 days following the expiration of the deadline. Based on the MCJ's lack of objections and its untimely Motion, the Court should conclude any objections are waived.

The MCJ makes no effort whatsoever to excuse its failure to timely object or comply with Plaintiffs' subpoena. However, the law provides that a court may excuse such a failure only if that party establishes "unusual circumstances" and "good cause." *See Odyssey Reinsurance Co. v. Nagby,* 2018 U.S. Dist. LEXIS 70641 *5-6 (S.D. Cal. 2018).

---

[2] The statute "ORS 192.245(23)" does not exist. Rather, ORS 192.345(23) pertains to "[r]ecords or information that would reveal or otherwise identify security measures, or weaknesses or potential weaknesses in security measures . . . ." which are "conditionally exempt from disclosure" under public records law, "unless the public interest requires disclosure in the particular instance." *Id.*

3 -  PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

*There are no unusual circumstances*

Unusual circumstances may exist where the subpoena is facially overbroad and exceeds the bounds of fair discovery and the subpoenaed party is a non-party acting in good faith. *See McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D.Cal. 2002). The MCJ made no objection on the grounds that any of the requests are overbroad. Plaintiffs' subpoena fairly seeks information that is highly relevant to Plaintiffs' claims, namely, inculpatory statements made by Miller and the identification of other potential perpetrators, witnesses and victims. The MCJ makes no claim that the information is unfairly sought. *See e.g., Klein v. AIG Trading Group, Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (An objecting party must state specifically how, despite the broad and liberal construction of the discovery rules, each question is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden).

The MCJ is a non-party. However, it is managed directly by the Marion Co. Sheriff's Office, a member of the Marion County Multidisciplinary Team ("MDT").[3] Moreover, counsel for the MCJ also represents the MCDA, the office responsible for "developing interagency and multidisciplinary teams" under ORS 481.747(1), and for "review[ing] the investigation procedures of sensitive cases," such as that of Plaintiffs.[4] The MCJ has made no effort to explain the delay in acknowledging or responding to Plaintiffs' subpoena and the failure to act or provide a privilege log.

Recently, the MCJ has concluded that 18 USC § 2517(1) and (2) only permit disclosure of Miller's telephone recordings to "another investigative or law enforcement officer," such as the other members of the MDT, including Defendant DHS and the MCDA. However, as demonstrated in Plaintiffs' Motion to Compel MCJ and the Reply, the cited statutes do not prohibit production of the recordings of Miller's calls to Plaintiffs. (ECF 110 at 5-6).

In citing 18 USC § 2517(1) and (2), the MCJ did not explain that the statutes provide merely that the officers "may disclose" and "may use" the contents of intercepted, i.e., wiretapped, calls

---

[3] *See* https://www.co.marion.or.us/SO/Institutions/Pages/default.aspx.
[4] *See* https://www.co.marion.or.us/DA/CART.

4 - PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

and evidence derived therefrom in the proper performance of their duties. The statutes do not preclude the production of wiretapped call recordings to crime victims. Mr. Armstrong failed to explain that Miller's calls from the jail were consensually recorded with prior notice, not surreptitiously wiretapped as part of an investigation.[5] Further, the MCJ's efforts to avoid complying with Plaintiffs' subpoena are colored by a motive to avoid producing evidence showing that, for example, the MDT deliberately chose not to investigate thoroughly and charge fully for Miller's criminal acts, or to identify other potential perpetrators and victims out of a concern for enhanced civil liability and unfavorable media scrutiny.[6]

*There is no good cause*

Mr. Armstrong refused to produce the recordings and the medical and psychological records under the extant Protective Order. Yet, in consequence of Plaintiffs' Motion to Compel the MCDA, counsel represents that the MCDA will produce documents and information at issue in that motion "pursuant to an appropriate protective order similar to the protective order previously entered by this court on April 1, 2019." (ECF 116 at 2). Mr. Armstrong has not provided such an order and has still failed to explain why the Protective Order is insufficient to protect the confidentiality of the materials at issue. In other words, the MCJ could have quickly dispensed with Plaintiffs' subpoena by producing the recordings and the medical and psychological records under the Protective Order, but instead, the MCJ chose to ignore the subpoena as well as that order. This conduct is not good cause. The MCJ's delay and inaction forced Plaintiffs to engage in discovery motions practice, which is expensive and time consuming and, in this instance, unnecessary.

///

///

///

---

[5] *See* Decl. of Counsel in Support of Plaintiffs' Reply at ¶¶ 1-2.
[6] The MCDA contends that while it "strongly disagrees" that Miller's 36 month probationary period was a "light sentence" for breaking multiple bones in R.L.'s body and withholding necessary treatment, its prosecutorial decision-making is protected attorney work product. (ECF 116 at 4).

5 -   PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]

## CONCLUSION

The court should deny the MCJ's untimely Motion and award terms.

Dated: November 15, 2019.

                                              RIZZO MATTINGLY BOSWORTH PC

By: \_\_\_*/s/Steven Rizzo*_____
      Steven Rizzo, OSB No. 840853
      Mary D. Skjelset, OSB No. 075840
      Rizzo Mattingly Bosworth PC
      1300 SW Sixth Avenue, Suite 330
      Portland, OR 97201
      Tel: (503) 229-1819
      Fax: (503) 229-0630
      ATTORNEYS FOR PLAINTIFFS

6 -   PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| J.M., *et. al.*,<br><br>    Plaintiff(s),<br><br>v.<br><br>KARLA MAJOR, *et. al.*,<br><br>    Defendant(s). | CASE NO. 6:18-CV-00739-YY<br><br>**CERTIFICATE OF SERVICE** |

  I am employed by the law firm of Rizzo Mattingly Bosworth PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

  On November 15, 2019, I caused to be served on all parties in this action by transmitting a true copy thereof **PLAINTIFFS' RESPONSE TO MOTION TO QUASH SUBPOENA DUCES TECUM [FILED BY THE MARION COUNTY JAIL]** in the following manner unless otherwise indicated.

**VIA ECF**

James S. Smith
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
james.s.smith@doj.state.or.us
*Of Attorneys for State Defendants*

Jill Schneider
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
jill.schneider@doj.state.or.us
*Of Attorneys for State Defendants*

Elleanor Chin
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
elleanor.chin@doj.state.or.us
*Of Attorneys for State Defendants*

Bruce Armstrong
Marion County Counsel
555 Court St. NE, Ste. 5242
Salem, OR 97301
Telephone: (503) 588-5220
Fax: (503) 373-4367
barmstrong@co.marion.or.us
*Of Attorneys for Marion County Jail*

  Dated this 15th day of November, 2019.

                   *s/Heather Wettlaufer*
                   Heather Wettlaufer, Paralegal