IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**J.M.**, et al.,

          Plaintiffs,

v.

**KARLA MAJOR**, et al.,

          Defendants.

Case No. 6:18-cv-00739-YY

OPINION AND ORDER

**MOSMAN, J.,**

On January 31, 2022, Magistrate Youlee Yim You issued an order on three discovery motions filed by the parties in this case. Order [ECF 213]. One of those motions asked for an *in camera* inspection of certain materials referenced in the Oregon Department of Human Services' privilege log. Mot. for Discovery [ECF 197]. Judge You denied the motion. Order [ECF 213] at 2, 18. On February 14, 2022, Plaintiffs filed objections to Judge You's order. Objs. to Order [ECF 230]. Defendants filed a timely response. Resp. to Objs. [ECF 233]. Upon review, I agree with Judge You and deny Plaintiffs' motion for *in camera* inspection.

## LEGAL STANDARD

The magistrate judge may issue orders on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72(a). If a party timely objects to the magistrate judge's order, the district judge in the case must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a). "[A] finding of fact is clearly erroneous

1 – OPINION & ORDER

'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In Re Bubble Up Del., Inc.*, 684 F.2d 1259, 1262 (9th Cir. 1982) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "contrary to law standard" gives less deference to "the magistrate judge's legal conclusions, which are reviewed de novo." *China Mat. Metal Prods. Import/Export Co. v. Export Digital, Inc.*, 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001).

## DISCUSSION

Plaintiffs claim Judge You's order erred by finding: (1) that the revised privilege log makes a prima facie showing of privilege; (2) that the Category B materials are privileged; (3) that Plaintiffs' factual showing was insufficient; (4) that even if Plaintiffs had made the requisite factual showing, she would still decline to perform *in camera* review; and (5) that Plaintiffs had failed to show a substantial need. I address each objection in turn.

### I.   Whether the Revised Privilege Log Makes a Prima Facie Case for Privilege

A party asserting privilege over materials "must make a prima facie showing that the privilege protects the information the party intends to withhold." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). A privilege log can make this prima facie showing if it identifies

> (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.

*Id.* at 1071.

Plaintiffs seem to contend that DHS has inadequately explained the nature of the allegedly privileged documents. Objs. to Order [ECF 230] at 12. In its original motion for in camera inspection, Plaintiffs gave the following as an example of an overly vague description:

"Email re Follow up on legal advice regarding parent compliance with permanency plan." Mot. for in Camera Inspection [ECF 197] at 3; *see also* Rizzo Decl. [ECF 198] Ex. 1 (privilege log). But I find this description sufficient to understand the nature of the document, and I do not think Judge You clearly erred by finding the same.

Plaintiffs' real grievance is that some of DHS's revisions to its privilege log did little more than replace the words like "consultation" with "legal advice." *See* Objs. to Order [ECF 230] at 12; Mot. for in Camera Inspection [ECF 197] at 3. They contend that DHS has changed its assessment of privilege post-hoc without explaining its process. Objs. to Order [ECF 230] at 12. Judge You interpreted the adjustments as genuine revisions. *See* Order [ECF 213] at 13. Judge You's interpretation is reasonable and therefore not clear error.

**II.     Whether Category B Materials Are Privileged**

On similar grounds, Plaintiffs argue that declarations offered by DHS in support of their privilege log are insufficient to establish that the material is privileged. Objs. to Order [ECF 230] at 13–14. Plaintiffs claim that one of the declarants, Elleanor Chin, did not explicitly "aver that the emails contain confidential information for the purpose of seeking legal advice." *Id.* at 13. But by asserting privilege, Chin implicitly made that representation. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."). Chin need not use any magic words or tautologies to demonstrate she understands the definition of attorney-client privilege.

Chin reviewed the Category B materials, determined the basis for attorney-client privilege or work product protection, and prepared a privilege log description. Chin Decl. [ECF 203] ¶ 2. Those descriptions state valid grounds for privilege. Plaintiffs provide no evidence that

3 – OPINION & ORDER

would support an inference that Chin operates with an erroneous understanding of privilege. Judge You did not err in relying on Chin's explanation of her process.

### III. Whether Plaintiffs' Factual Showing Was Insufficient

After a party has made a prima facie case that material is privileged, the party opposing the privilege may "empower the district court to review the disputed materials *in camera*" by "show[ing] a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d at 1075.

Plaintiffs argue that Judge You inadequately considered the possibility that the crime-fraud exception to attorney-client privilege could apply to Category B emails. "Under the crime-fraud exception, communications are not privileged when the client consults an attorney that will serve him in the commission of a fraud or crime." *In re Grand Jury Investigation*, 810 F.3d 1110, 1113 (9th Cir. 2016) (internal quotation marks omitted). Plaintiffs posit that Laib could have confided in Morris an intent to avoid her legal obligation to report the abuse experienced by J.M. and A.S. Objs. to Order [ECF 230] at 14.

But Plaintiffs' only factual support for this claim is the fact that Laib and Morris exchanged emails frequently. *See* Objs. to Order [ECF 230] at 14–15. According to a credible declaration from a senior attorney at the Oregon Department of Justice Child Advocacy Section, such frequent communication is not uncommon. Dennison Decl. [ECF 202] ¶¶ 8–9. In fact, Child Advocacy Section attorneys receive most of their requests for legal advice in the form of informal, unscheduled emails and conversations. *Id.* Furthermore, Child Advocacy Center attorneys only provide advice on legal matters; they do not handle caseworker questions related to social work decision-making. *Id.* ¶ 7. In such an environment, the mere fact that Laib and

Morris exchanged frequent emails does not support a presumption of collusion. To find otherwise would require *in camera* review whenever an attorney is asked a follow-up question.

### IV. Whether *In Camera* Review Is Mandatory if Plaintiffs Make Their Factual Showing

Even if a party makes an adequate factual showing in support of *in camera* review, the district judge maintains its discretion to deny review. *In re Grand Jury Investigation*, 974 F.2d at 1072. In deciding whether to allow in camera review for a party that has made a threshold factual showing, courts consider "the amount of material they have been asked to review, the relevance of the alleged privilege material to the case, and the likelihood that *in camera* review will reveal evidence to establish the applicability of the crime-fraud exception." *Id.* at 1073.

Judge You determined that these factors weighed against *in camera* review. She found that reviewing the 146 emails that Plaintiffs has designated would be overly cumbersome. Order [ECF 213] at 18.[1] And despite the parties nearing the end of extensive discovery, Plaintiffs could point to no facts supporting an inference that Laib and Morris colluded to avoid their obligations to report child abuse. Therefore, the likelihood that *in camera* review would reveal relevant evidence or evidence to show the crime-fraud exception applies was low. Judge You properly exercised her discretion in declining to conduct *in camera* review.

### V. Whether Plaintiffs Have Substantial Need

Lastly, Plaintiffs object to Judge You's finding that they did not have a substantial need to discover the facts in the Category B emails. Objs. to Order [ECF 230] at 17–18. A party may obtain discovery of privileged material upon showing that the material would be discoverable if

---

[1] Plaintiffs note they reduced this amount by 18 emails following Judge You's September order on their motion to define privilege. Objs. to Order [ECF 230] at 17. They also argue that, as emails, reading the documents would not likely be onerous. *Id.* Neither of these factors make Judge You's determination clearly erroneous.

5 – OPINION & ORDER

not for the privilege and "it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. Pro. 26(b)(3)(A).

Plaintiffs argue that they have no other means to obtain discovery on Laib's awareness of Plaintiffs' abuse. Objs. to Order [ECF 230] at 17–18. Though Plaintiffs deposed Laib—and have been granted leave to depose her again—they claim that depositions are an insufficient tool because Laib has poor memory of the events in question. *Id.* Yet Plaintiffs have failed to show that Laib's memory is so poor as to make discovery of her mental state unduly burdensome. *See Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) (discussing high bar to requiring disclosure of privileged attorney work product). Thus, Judge You did not err in finding that Plaintiffs do not have a substantial need for discovery of Category B emails.

## CONCLUSION

Upon review, I agree with Judge You's order [ECF 213], and I ADOPT it as my own opinion. I DENY Plaintiffs' motion for discovery [ECF 197].

IT IS SO ORDERED.

DATED this 26th day of April 2022.

MICHAEL W. MOSMAN
Senior United States District Judge

6 – OPINION & ORDER