IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| A.S., J.M., R.L., and C.R.,<br><br>        Plaintiffs,<br>  v.<br><br>KARLA MAJOR, MARCY STENERSON, JENNIFER LAIB, HEATHER UERLINGS, SHERRIE MAHURIN, MELISSA MARY MILLER, CASEY RAY MILLER, OREGON DEPARTMENT OF HUMAN SERVICES, MICHELLE SHIELDS, STACEY DAESCHNER, BILLY CORDERO, DESTA WALSH, DAWN HUNTER, TEMRE YANN, LACEY ANDRESEN, and JANE AND JOHN DOES 1-8,<br><br>        Defendants. | Case No.: 6:18-cv-00739-AN<br><br>OPINION AND ORDER |

        This matter comes before the Court on plaintiffs' Motion to Modify the Protective Order, ECF [423]. The parties dispute whether certain documents produced during discovery in this terminated case should be exempted from further coverage by the Court's May 4, 2022 Amended Protective Order, ECF [253], for use in the collateral case *Wyatt B. et al. v. Kotek et al.*, No. 6:19-cv-00556-AA ("*Wyatt B.*"). Defendants filed a Response in Opposition on March 27, 2024, ECF [427], to which plaintiffs replied on April 1, 2024, ECF [431]. Oral argument was held on April 2, 2024. For the following reasons, plaintiffs' motion is GRANTED.

## LEGAL STANDARD

        Issues relating to protective orders are handled under Federal Rule of Civil Procedure 26(c). The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). A collateral litigant seeking to modify a protective order must demonstrate the relevance of the protected discovery to the collateral proceedings. *Id.* at 1132. Relevance hinges on the degree of overlap in facts, parties, and issues between the suits. *Id.* The court that issued the protective order is responsible for making

this determination but should "refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suit[]." *Id.* at 1133. After relevancy is established, the court "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.*

## BACKGROUND

Plaintiffs are four minor children who sued defendants Oregon Department of Human Services ("DHS"), individual DHS employees, and former certified foster parents Casey and Melissa Miller. Plaintiffs alleged claims of civil rights violations under 42 U.S.C. § 1983, abuse of vulnerable persons in violation of Oregon Revised Statute ("ORS") § 124.100, and claims of common law negligence and sexual battery. During the litigation, Magistrate Judge Youlee Yim You signed an Amended Protective Order ("APO") protecting against disclosure documents labeled as confidential under Federal Rule of Civil Procedure 26(c). *See generally* APO, ECF [253].

The collateral case *Wyatt B.* involves a plaintiff class consisting of children in the Oregon foster care system who sued DHS, Governor Tina Kotek, and individual DHS employees. The plaintiffs in *Wyatt B.* allege civil rights violations under 42 U.S.C. § 1983; the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 670 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs' counsel argues that testimony elicited in this case is relevant to the *Wyatt B.* suit because it demonstrates Oregon's failure to take remedial measures in response to harms that occurred in the Miller foster home. *See* Mot. to Modify, ECF [423], at 4. Plaintiffs' counsel would like to use exhibits marked at nine selected depositions which are currently designated as confidential under the APO. *Id.*

## DISCUSSION

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz*, 331 F.3d at 1131. A collateral litigant seeking to modify a protective order must demonstrate the relevance of the protected discovery to the collateral proceedings.

*Id.* at 1132. The court that issued the protective order must consider: (1) the relevance of the protected discovery, and relatedly, whether modifying the order will eliminate the potential for duplicative discovery; and (2) the countervailing reliance interest of the party opposing modification. *Id.* at 1133.

State defendants argue that plaintiffs misapprehend the relevance standard expressed in *Foltz*. The Court disagrees. The Court need only satisfy itself "that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* at 1132. This requires "only a rough estimate of relevance," wherein the Court determines "whether modifying the order will eliminate the potential for duplicative discovery." *Id.* at 1132-33; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992).

Here, plaintiffs have identified sufficient similarities between the allegations in this case and the allegations in the *Wyatt B.* suit. In both matters, the plaintiffs allege that DHS's certification process fails to adequately train foster parents. Both allege that there is a high rate of maltreatment of children in DHS custody as a result of its failure to appropriately monitor foster care providers and investigate alleged abuse. And both involve allegations that DHS has refrained from removing children from known abusive or neglectful homes. The two cases were filed at similar times, and both include DHS and individual DHS employees as defendants. The Court finds that plaintiffs have persuasively demonstrated that the issues raised in this matter are relevant to issues raised in the *Wyatt B.* suit.

The Court further finds that the Ninth Circuit's strong policy in favor of avoiding duplicative discovery outweighs defendants' countervailing reliance interest. In cases involving a blanket protective order, such as the one here, defendants' reliance interest is given less weight. *Foltz*, 331 F.3d at 1133; *Beckman*, 966 F.2d at 476. Furthermore, any interest in the confidentiality of the documents is accommodated by the protective order already in place in the *Wyatt B.* suit. *See Olympic Refin. Co. v. Carter*, 332 F.2d 260, 266 (9th Cir. 1964). The Court finds that there is a compelling opportunity to avoid duplicative discovery, and defendants' objections are insufficient to overcome the Ninth Circuit's policy favoring access to discovery materials.

## CONCLUSION

Accordingly, plaintiffs' Motion to Modify, ECF [423], is GRANTED. The documents marked as exhibits in the depositions identified by plaintiffs are EXEMPTED from the APO for use in discovery in the collateral case *Wyatt B. et al. v. Kotek et al.*, No. 6:19-cv-00556-AA.

IT IS SO ORDERED.

DATED this  9   day of April, 2024.

Adrienne Nelson
United States District Judge